
William S. Helfandd
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Bill.Helfand@lewisbrisbois.com
Direct: 832.460.4614

December 3, 2024     Our File No. 3856.597

VIA ELECTRONIC SERVICE

Lyle Cayce, Clerk of the Court
United States Court of Appeals
of the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:    FED. R. APP. P. 28(j) submission in Case No. 24-20015: *Rubin v. De La Cruz*.

Dear Mr. Cayce,

    Appellee Juan De La Cruz respectfully directs the panel to *Winder v. Gallardo*, 118 F.4th 638 (5th Cir. 2024) (Per Curiam); and *McVae v. Perez*, 120 F.4th 487 (5th Cir. 2024), that pertain to issues on pages 20-22, 24-28, and 32-42 of Appellee's brief.

    In *Winder*, the Court found "[m]uch confusion exists around whether Steve was, in fact, holding a gun the moment he was shot." *Id*. at 646. "The bodycam footage is inconclusive." *Id*. "But whether Steve was *in fact* aiming a gun at Deputy Gallardo does not matter – binding caselaw demonstrates that what matters is whether Deputy Gallardo could *reasonably believe* that Steve was reaching for or had a gun." *Id*. (emphasis in original). The panel found "Deputy Gallardo's use of deadly force was neither excessive nor unreasonable under [Fifth Circuit] binding caselaw, meaning no constitutional violation occurred." *Id*. at 645-47.

    In *McVae*, 120 F.4th at 489-90, Trooper Perez stopped Marcus McVae who then fled on foot. The Trooper's use of a taser was ineffective in detaining McVae. *Id*. "[A] physical altercation on the ground ensued" and "McVae eventually managed to break free from Trooper Perez's grasp." *Id*. "Trooper Perez then moved so his body camera no longer captured McVae, right as a rock at least the size of a softball whirled past him from McVae's direction." *Id*. "Trooper McVae then immediately fired his gun four

times, all within 2.5 seconds of when the rock passed him. He ceased shooting when he saw McVae fall into a creek." *Id*.

Pointing out that it "must take heed to not define the relevant moment too narrowly but rather 'consider all of the circumstances leading up to that moment, because they inform the reasonableness of [the officer's] decisionmaking.'" *Id*. at 492-93 (quoting *Mendez v. Poitevent*, 823 F.3d 326, 333 (5th Cir. 2016)), the panel held, "[s]imply because the footage does not show McVae throwing the rock does not necessarily create a genuine dispute." *Id*. at 491.

Indeed, the panel rejected "Plaintiffs' use of several frame-by-frame screenshots from the body camera footage to dissect events that occurred in less than 2.5 seconds [as] the 'sort of Monday morning quarterbacking' that [Fifth Circuit] precedent proscribes." *Id*. at 493 (quoting *Harmon v. City of Arlington*, 16 F.4th 1159, 1163 (5th Cir. 2021)).

"By arguing that the threat had ceased because McVae was running away unarmed at the moment Trooper Perez shot him, Plaintiffs define the issue much too narrowly." *Id*. at 494. "Trooper Perez was not obligated to give McVae a second chance." *Id*.

Respectfully,

*s/William. S. Helfand*
William S. Helfand of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

CERTIFICATE OF SERVICE

On December 3, 2024, I served all counsel of record with this filing through the Court's ECF system.

*s/William. S. Helfand*
William S. Helfand

149483605.2